USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/26/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                   :

IN THE MATTER OF THE APPLICATION OF      :         22-MC-320 (VEC)
ADIDAS AG FOR AN ORDER OF ATTACHMENT   :
IN AID OF ARBITRATION                       :         OPINION & ORDER
                                   :

------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

     For several years, the musician and fashion designer Ye (formerly known as Kanye West) and several companies controlled by him (collectively Ye and his companies are referred to here as "Yeezy")[1] partnered with sportswear company adidas AG ("adidas") to produce and promote the Yeezy brand of footwear and apparel. *See* Pet. Mem., Dkt. 29 at 3. After Ye publicly made several anti-Semitic and racist statements, adidas terminated the operative contract and initiated arbitration of its breach of contract claims. *See id.* at 5–7; Second Taft Decl., Dkt. 40 ¶ 5.

     In anticipation of arbitration, adidas petitioned to attach or freeze several JPMorgan Chase ("Chase") accounts that were held by Ye or his companies; the accounts contained up to $75 million in funds allegedly belonging to adidas. *See* Pet., Dkt. 28. The Court, proceeding in Part I, granted the petition on November 11, 2022.[2] *See* Attachment Order, Dkt. 32. On April 12, 2023, Yeezy moved to vacate the Attachment Order, and adidas opposed the motion. *See* Mot., Dkt. 33; Pet. Opp., Dkt. 35. For the reasons discussed below, the motion to vacate is GRANTED, and the Attachment Order is VACATED, without prejudice to adidas again moving

---

[1]     These companies include Yeezy Marketing LLC, Yeezy Footwear LLC, and Yeezy, LLC. *See* McIntire Decl., Dkt. 30 ¶ 5.

[2]     The Court granted adidas's *ex parte* petition for an attachment order and motion to file the petition under seal while proceeding in Part I, and the matter was assigned to Judge Koeltl on November 14, 2022. The matter was then randomly reassigned to the Undersigned on November 16, 2022.

either for an attachment or an injunction preventing Yeezy from gaining access to the funds in the Chase accounts.

## BACKGROUND

Pursuant to the terms of the parties' operative agreement, adidas provided Yeezy with $75 million for restricted purposes. *See* Pet. Mem. at 3–4. When the parties' partnership was terminated, adidas claimed that some or all of the $75 million was still held in Yeezy's Chase accounts. *See id*. at 3–4, 15. In the wake of public relations crises growing out of Ye's antisemitic and racists statements, Chase stated that it intended to close any Chase accounts affiliated with Yeezy. *Id*. at 7. Concerned that Yeezy may dissipate adidas's funds, adidas moved to attach up to $75 million in Yeezy's Chase accounts pending resolution of the parties' disputes in arbitration and, alternatively, for a temporary restraining order freezing those accounts. *Id*. at 9.

Following an *ex parte* telephonic hearing,[3] the Court granted the petition and issued the Attachment Order. *See* Attachment Order. The Court found that adidas had met the standard for an *ex parte* attachment order in aid of arbitration pursuant to N.Y. C.P.L.R. § 7502,[4] and that it "demonstrated sufficient grounds for this Court to exercise its equitable authority, independent of its authority under CPLR § 7502." *Id*. at 2.

---

[3]     The hearing, which was held on a federal holiday, has not been transcribed. Yeezy may file a request on ECF if it wants a recording of the hearing.

[4]     N.Y. C.P.L.R. § 7502(c) provides that courts "may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced . . . " pursuant to N.Y. C.P.L.R. § 6201 *et seq*.

**DISCUSSION**

**I.      adidas's Failure to Move to Confirm the Attachment Order Nullifies the Order**

To prevent the dissipation or exhaustion of assets that may be the subject of a judgment

in pending or planned arbitration, New York law permits courts to "attach" those assets to

preserve them to satisfy a potential judgment. *See* N.Y. C.P.L.R. § 7502.  Federal Rule of Civil

Procedure 64 incorporates the rules of the state in which a federal court sits with respect to

certain remedies, including attachment; accordingly, federal courts in New York are authorized

to issue attachment orders in accordance with the requirements of New York state law. *See, e.g.*,

*Pollafko, Inc. v. Okulos Comércio Varejista De Produtos Ópticos LTDA*, 22-CV-5497, 2022 WL

4451248, at *2 (E.D.N.Y. Sept. 23, 2022).

The first ground upon which Petitioner sought to freeze Yeezy's Chase accounts is N.Y.

C.P.L.R. § 7502(c), which permits courts to attach assets on an *ex parte* basis pursuant to N.Y.

C.P.L.R. § 6211.  N.Y. C.P.L.R. § 6211(b) provides that the petitioner must move to confirm an

attachment order granted on an *ex parte* basis within five or ten days following the issuance of

the order.[5]  The parties do not dispute that adidas failed to satisfy this requirement; adidas has

not moved to confirm the Attachment Order in the more than six months that have elapsed since

it was issued. *See* Pet. Opp. at 18 (acknowledging "the lack of a confirmation proceeding").

Pursuant to section 6211(b), adidas's failure to file a motion to confirm nullifies the

attachment order; section 6211(b) expressly provides that if the "plaintiff fails to make such

---

[5]      N.Y. C.P.L.R. § 6211(b) provides that a motion to confirm an attachment order must be made within five
days of the order unless the petitioner sought the attachment order pursuant to section 6201(1); section 6201(1)
authorizes courts to grant an attachment order if "the defendant is a nondomiciliary residing without the state, or is a
foreign corporation not qualified to do business in the state."  The parties dispute whether section 6201(1) applies
and whether Petitioner was consequently required to move to confirm the order within five or ten days of the
attachment order. *See* Resp'ts Mem., Dkt. 33 at 3 n.1; Pet. Opp., Dkt. 35 at 18.  The Court need not resolve this
dispute because the parties agree that adidas did not move to confirm the order within either timeframe. *See* Pet.
Opp. at 18.

motion within the required period, the order of attachment and any levy thereunder shall have no

further effect and shall be vacated upon motion." Accordingly, New York courts routinely

vacate attachment orders if the petitioner fails timely to move to confirm the order. *See, e.g.*,

*Great White Whale Advert. Inc. v. First Festival Prods.*, 81 A.D.2d 704, 706–07 (3d Dep't

1981); *Brown v. Ryvkin*, 78 A.D.3d 981, 983 (2d Dep't 2010) (collecting cases).

Petitioner launches a volley of unpersuasive arguments in an attempt to excuse its

noncompliance with the plain language of the statute. First, adidas contends that the deadline to

move to confirm an attachment order imposed by New York state law is merely a procedural rule

that is not binding in federal court. *See* Pet. Opp. at 17. Numerous courts in the Second Circuit,

however, have recognized that "the plain language of Rule 64 directs this Court to apply state

law," including section 6211(b)'s requirement that a confirmation motion be made no more than

ten days after the attachment order is issued. *Armada (Singapore) PTE Ltd. v. N. China Shipping

Co., Ltd., (BVI)*, 633 F. Supp. 2d 168, 170 (S.D.N.Y. 2009); *see also Dayco Corp. v. Foreign

Transactions Corp.*, 705 F.2d 38, 39 (2d Cir. 1983); *Helicon Partners, LLC v. Kim's Provision

Co., Inc.*, No. 12-1602, 2013 WL 1881744, at *5 (Bankr. S.D.N.Y. May 6, 2013).

Second, adidas argues that, even if it was legally required to move to confirm the

Attachment Order within the statutory period, the Court retains discretion to extend the deadline

and to permit adidas to seek confirmation now. *See* Pet. Opp. at 17–18. adidas, however, has

not demonstrated the existence of any ground upon which the Court may appropriately grant an

extension.

adidas relies primarily on *Iraq Telecom Ltd. v. IBL Bank S.A.L.*, 43 F.4th 263 (2d Cir.

2022), for the proposition that courts may extend the deadline for a petitioner to move to confirm

an attachment order. *Iraq Telecom Ltd.* involved very different facts from the present case,

however.  The district court there granted an *ex parte* attachment order on January 19, 2022, and

the petitioner moved to confirm the order on January 31, 2022.  *Id*. at 268.  The applicable ten-

day window for filing a motion to confirm expired on Saturday, January 29, 2022.  *See id*. at

269.  Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), any time period that expires on a

weekend runs until the end of the next business day, which, in that case, was Monday, January

31, 2022, the day on which the petitioner filed its motion.  *See id*. at 268.

In contrast to *Iraq Telecom Ltd.*, there are no federal rules applicable to the present matter

that would require or permit the Court to grant adidas a six-month extension of its time to move

to confirm the Attachment Order.  Nor has adidas demonstrated that an extension is warranted

for "excusable neglect" or attempted to justify the delay.  Fed. R. Civ. P. 6(b) (noting that "the

court may, for good cause" extend an otherwise applicable deadline after it has expired,

including for "excusable neglect"); *see also Helicon Partners, LLC*, 2013 WL 1881744, at *5

(extending the five-day statutory period in which the petitioner was required to confirm the

attachment order because time was tolled pursuant to a bankruptcy stay, and petitioner had

moved for emergency relief from the stay within the five-day period).

Instead, adidas contends that it has satisfied the spirit of the confirmation requirement, if

not the text, because it served the Attachment Order on Yeezy four days after the order was

entered, and, accordingly, Yeezy had notice of the attachment.  Pet. Opp. at 17.  The New York

legislature, however, imposed the additional confirmation requirement to ensure that attachments

only persist where there is a continuing need in light of the fact that attachment is a "harsh and

extraordinary" remedy.  *Bank of China, N.Y. Branch v. NBM L.L.C.*, 192 F. Supp. 2d 183, 186

(S.D.N.Y. 2002); *see also Iraq Telecom Ltd.*, 43 F.4th at 270.  Without a confirmation hearing,

Yeezy was deprived of an early opportunity to have the Court consider its substantive challenges to Petitioner's arguments regarding the need for an attachment order.[6]

In sum, adidas failed to move to confirm the Attachment Order within the statutory period, and no grounds exist upon which to grant adidas's request for leave to file an out-of-time motion. While the Attachment Order states that it extends for an additional thirty days after the conclusion of any motion to vacate, that does not enable adidas now to move to confirm the order; the Attachment Order was rendered null some six months ago when adidas failed timely to move to confirm the order. *See* N.Y. C.P.L.R. § 6211(b); *see also Thadford Realty Co. v. L.V. Income Props. Corp.*, 101 A.D.2d 814, 814–15 (2d Dep't 1984).[7] Accordingly, the Attachment Order issued pursuant to N.Y. C.P.L.R. § 7502 is vacated.

## II.      The Temporary Restraining Order Has Expired

The second ground upon which Petitioner sought the Attachment Order is the Court's equitable power. Pursuant to Federal Rule of Civil Procedure 65(b), courts may grant injunctive relief on an *ex parte* basis through a temporary restraining order ("TRO"), but any such order expires no more than fourteen days from the date of entry, absent a court order extending the injunction.[8] Because the Court issued no such order, the TRO expired two weeks after it was entered.

Petitioner erroneously argues that federal courts have inherent equitable power to freeze indefinitely assets on an *ex parte* basis. *See Grupo Mexicano de Desarrollo S.A. v. Alliance*

---

[6]      The Court notes, however, that the delay in evaluating the continuing need for an attachment order is also a result of Yeezy's six-month delay in moving to vacate the Attachment Order.

[7]      The Court also declines to extend the portion of the vacated order issuing a temporary restraining order ("TRO") an additional thirty days in light of the fact that the TRO expired two weeks after it was issued. *See infra*, Section II.

[8]      While courts may issue preliminary injunctions without an automatic expiration date, any such injunction must be issued "on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

*Bond Fund, Inc.*, 527 U.S. 308, 322 (1999) (rejecting the existence of a broad federal equitable power to issue prejudgment attachments of a debtor's assets). The cases adidas cites do not stand for that proposition; those cases either involved temporary restraining orders that, like the Attachment Order, expired two weeks after they were issued absent an order extending their effect, or petitions for injunctions made on notice to the adverse party.[9]

Because the TRO expired two weeks after it was issued, the order is also no longer in effect pursuant to Federal Rule of Civil Procedure 65(b). As there is no remaining valid ground for the Attachment Order to remain in place, it is vacated in full.

### III.    Yeezy's Request for Attorneys' Fees Is Denied

Yeezy argues that because adidas failed timely to commence arbitration within thirty days of the issuance of the Attachment Order as required by N.Y. C.P.L.R. § 7502(c), it is entitled to attorneys' fees and costs incurred in connection with this motion.[10] *See* Resp'ts Mem. at 5. adidas filed its demand for arbitration with JAMS on December 2, 2022, and JAMS issued a confirmation letter stating that the arbitration had been successfully initiated on December 15, 2022. Second Taft Decl. ¶ 5. Although adidas filed its demand for arbitration within thirty days

---

[9]     *See, e.g., Dong v. Miller*, No. 16-CV-5836, 2018 WL 1445573, at *1 (E.D.N.Y. Mar. 23, 2018); *Quantum Corp. Funding, Ltd. v. Assist You Home Health Care Servs. of Va.*, 144 F. Supp. 2d 241, 242, 250 (S.D.N.Y. 2001); *Shamrock Power Sales, LLC v. Scherer*, No. 12-CV-8959, 2016 WL 6102370, at *2 (S.D.N.Y. Oct. 18, 2016); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 126, 131 (2d Cir. 2014); *Shaoxing Bon Textiles Co. v. 4-U Performance Grp. LLC*, No. 16-CV-6805, 2017 WL 737315, at *1 (S.D.N.Y. Feb. 6, 2017); *Trafalgar Power, Inc. v. Aetna Life Ins. Co.*, 131 F. Supp. 2d 341, 343 (N.D.N.Y. 2001); *Serio v. Black, Davis & Shue Agency, Inc.*, No. 05-CV-15, 2005 WL 3642217, at *1 (S.D.N.Y. Dec. 30, 2005).

Other cases cited by adidas involved orders of attachment brought pursuant to N.Y. C.P.L.R. § 6211(b) and Federal Rule of Civil Procedure 64; as discussed above, the portion of the Attachment Order issued pursuant to section 6211(b) is null. *See, e.g., Mishcon de Reya N.Y. LLP v. Grail Semiconductor, Inc.*, No. 11-CV-4971, 2011 WL 6957595, at *1, *3 (S.D.N.Y. Dec. 28, 2011); *see also supra* Section I.

[10]    N.Y. C.P.L.R. § 7502(c) states, in relevant part, "If an arbitration is not commenced within thirty days of the granting of the provisional relief, the order granting such relief shall expire and be null and void and costs, including reasonable attorney's fees, awarded to the respondent."

of issuance of the Attachment Order, Yeezy contends that, pursuant to JAMS's internal rules, the

arbitration did not formally commence until JAMS issued the confirmation letter thirty-four days

after the Attachment Order was entered.  Resp'ts Reply, Dkt. 41 at 6–7.

While arbitration tribunals may have institutional-specific rules for determining when

arbitration commences, those determinations are not binding on this Court.  The JAMS rule to

which Yeezy points specifies that JAMS considers the arbitration to commence once it issues a

confirmation letter but that rule "is not intended to be applicable to any legal requirement" and

"is intended only to pertain to the operation of [JAMS Rules]."[11]  Furthermore, courts

characterize the filing of an arbitration demand as the commencement of arbitration, even when

the arbitration is before JAMS.  *See, e.g.*, *Parrella v. Orange Rabbit, Inc.*, No. 20-CV-9923,

2021 WL 4462809, at *2 (S.D.N.Y. Sept. 29, 2021).

Accordingly, Yeezy's motion for fees and costs is denied without prejudice.  Because the

Court vacates the order without prejudice to adidas renewing its request for injunctive relief or

an attachment, it does not decide at this time whether Yeezy is entitled to fees and costs pursuant

to N.Y. C.P.L.R. § 6212(e).[12]  Yeezy may renew its motion for fees and costs if appropriate

following the conclusion of any renewed motion for a preliminary injunction or an attachment.

---

[11]     JAMS Streamlined Arbitration Rules & Procedures Rule 5(d), available at https://www.jamsadr.com/rules-streamlined-arbitration/#Rule-5 (last visited May 26, 2023); JAMS Comprehensive Arbitration Rules & Procedures Rule 5(d), available at https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-5 (last visited May 26, 2023); *see also* McIntire Decl. Ex. 1, Dkt. 30 ¶ 46(B) (incorporating the JAMS Streamlined Arbitration Rules and Procedures and the JAMS Comprehensive Arbitration Rules and Procedures into the parties' contract).

[12]     That section provides, in relevant part, "plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment . . . if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property."  N.Y. C.P.L.R. § 6212(e).

**CONCLUSION**

For the foregoing reasons, the Attachment Order is VACATED, and Yeezy's motion for

attorneys' fees and costs is DENIED without prejudice.  The Clerk of Court is respectfully

directed to terminate the open motion at docket entry 33, and to vacate the order at docket entry

32.[13]

**SO ORDERED.**

**Date:  May 26, 2023**
       **New York, NY**

                                   **VALERIE CAPRONI**
                                   **United States District Judge**

---

[13]     The Court has docketed this opinion on the public docket because it does not cite any confidential information otherwise redacted from the public docket.

9