UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ADIDAS AG FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION | No: 22-mc-320 (VEC) |

**ADIDAS'S MEMORANDUM IN SUPPORT OF ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER**

Mark P. Goodman (mpgoodman@debevoise.com)
William H. Taft V (whtaft@debevoise.com)
Floriane Lavaud (flavaud@debevoise.com)

DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000 (Main Office Number)

*Counsel for Petitioner adidas AG*

Dated: May 26, 2023
       New York, New York

In light of the Court's May 26, 2023 Order vacating its November 11, 2022 *Ex Parte* Attachment Order, adidas AG ("adidas"), ECF No. 46, moves for a temporary restraining order freezing and preventing Ye or his companies, Yeezy, LLC, Yeezy Marketing LLC, and Yeezy Footwear LLC (together with Ye, collectively "Yeezy" or "Respondents") from accessing or disposing of the $75 million that are on deposit with or held by J.P. Morgan Chase Bank N.A. ("J.P. Morgan") and were the subject of the vacated Attachment Order pending the Court's ruling on a forthcoming motion to renew the attachment. adidas further moves for an Order requiring Respondents to return any funds withdrawn from its J.P. Morgan accounts following the Court's vacatur of the Attachment Order and rescind any pending requests to withdraw funds from such accounts. As contemplated by the Court's May 26, 2023 Order, adidas plans to renew its motion for attachment on Tuesday, May 30, 2023. adidas also requests that the Court set a briefing schedule for that forthcoming motion.

Yeezy currently possesses up to $75 million in its J.P. Morgan accounts to which it has no legal right. ECF No. 29 at 7-8, 13; ECF No. 35 at 7-8. adidas provided the $75 million to Yeezy in the 12 months prior to termination of the parties' Agreement. ECF No. 29 at 7-8; ECF No. 35 at 7-8. Yeezy was contractually obligated to keep those funds segregated and to return the funds to adidas upon termination of the Agreement. ECF No. 29 at 7; ECF No. 35 at 7. On November 5, 2022, adidas terminated the Agreement. ECF No. 29 at 10; ECF No. 35 at 11. adidas demanded the return of the funds in its termination letter, but did not receive any response from Yeezy. ECF No. 29 at 10; ECF No. 35 at 12. On November 15, 2022, adidas also exercised its right, under the Agreement, to demand that Yeezy produce all relevant books and records concerning the use of the funds so that adidas could determine whether the funds had been used for the discrete purposes set forth in the Agreement. ECF No. 39 at 2-3, 7-8. Yeezy

ignored that request.  ECF No. 39 at 2-3.  The parties are currently engaged in arbitration to resolve, among other issues, the dispute over Yeezy's use of and adidas's entitlement to the funds.  ECF No. 35 at 16-17.  On April 29, 2023, adidas submitted a motion to the Arbitrator requiring Yeezy to provide access to the books and records pertaining to the funds; the Arbitrator granted that motion on May 3, 2023, and required that the books and records be produced by May 17, 2023.  ECF No. 40 at 3.  adidas's audit of the funds is now underway.

This Court may issue a preliminary injunction or temporary restraining order if the movant shows (1) irreparable harm and (2) a likelihood of success on the merits.  *See Serio v. Black, Davis & Shue Agency, Inc.*, No. 05-cv-15 (MHD), 2005 WL 3642217, at *6 (S.D.N.Y. Dec. 30, 2005).  adidas has established both.

*First*, in November of 2022, J.P. Morgan publicly stated that it intended to close Yeezy's accounts, including those accounts in which the funds at issue reside.  ECF No. 29 at 11; ECF No. 35 at 12.  If that occurs, Yeezy is likely to comingle the funds with an unknown balance of funds in its possession at other financial institutions, such that it would be more difficult if not impracticable to audit those accounts and determine which monies are owned by adidas.  In addition, Ye faces a clear risk of insolvency, giving rise to a risk of irreparable harm.  ECF No. 35 at 25-27.

*Second*, not only is there a likelihood that adidas will succeed on the merits of its claim to the funds at issue, it is a near certainty.  On its face, the parties' Agreement requires that upon termination for any reason, unspent funds (owned by adidas) must be returned to adidas.  adidas has provided Yeezy with the beneficial use of a total of $75 million over the 12 months preceding termination, none of which has been returned.  Accordingly, there is no question that adidas has a meritorious claim.  ECF No. 29 at 14-15.  This Court concluded as much by

2

granting adidas's petition for an attachment, which itself required a showing of a likelihood of success on the merits. ECF No. 32. The bond issued in connection with the original order of attachment remains in place. ECF No. 40 at 1.

## CONCLUSION

For all the reasons stated above, adidas moves the Court for a temporary restraining order, pending the Court's adjudication of adidas's forthcoming renewed motion for an order of attachment, to preserve both (i) adidas's ability to continue auditing Yeezy's use of the funds at issue and (ii) adidas's ability to recover the funds – which are its property – once its underlying claim thereto is resolved. adidas further moves for an Order requiring Yeezy to return any funds withdrawn from its J.P. Morgan accounts following the Court's vacatur of the Attachment Order and to rescind any pending requests to withdraw funds from such accounts. adidas also requests that the Court issue a briefing schedule for Yeezy's response to and adidas's reply in support of such motion.

Dated: May 26, 2023
New York, New York

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: /s/ William H. Taft V
Mark P. Goodman (mpgoodman@debevoise.com)
William H. Taft V (whtaft@debevoise.com)
Floriane Lavaud (flavaud@debevoise.com)

66 Hudson Boulevard
New York, New York 10001
(212) 909-6000 (Main Office Number)

*Counsel for Petitioner adidas AG*