UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE APPLICATION OF ADIDAS AG FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION

No.: 22-mc-320 (VEC)

**DECLARATION OF WILLIAM H. TAFT V
IN SUPPORT OF PETITIONER'S RENEWED PETITION FOR AN ORDER OF ATTACHMENT**

I, William H. Taft V, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney licensed to practice law in the state of New York and am a partner of the law firm Debevoise & Plimpton LLP. I am counsel for Petitioner, adidas AG. I have previously submitted two declarations in this matter, and submit this declaration on personal knowledge and in support of adidas's Renewed Petition for an Order of Attachment.

2. On November 11, 2022, the Court granted adidas's *ex parte* petition to attach up to $75 million of funds held in bank accounts of Yeezy at JPMorgan Chase Bank, N.A. (the "**Garnishee**") in New York.

3. Consistent with the terms of the Order, adidas served the Order on Respondents and posted a bond in the amount of $75,000 as security by November 15, 2022 at 5:00 P.M.

4. I have subsequently learned from information provided by the Garnishee that the Yeezy Marketing account established at JPMorgan Chase in 2022 for the purpose

of receiving the ▇▇▇▇▇▇ was, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇ deposited by adidas were transferred from the Yeezy Marketing account to an account owned by Yeezy, LLC ▇▇▇▇▇▇▇.

5. adidas commenced arbitration by filing its Demand for Arbitration to JAMS on December 2, 2022, 21 days after obtaining the Order. JAMS confirmed the commencement of the arbitration on December 15, 2022. A true and correct copy of adidas's Demand for Arbitration ("**Demand for Arbitration**") is attached as Exhibit 10 to this declaration.

6. adidas served on all Respondents the Demand for Arbitration on December 2, 2022 by registered mail and on December 6, 2022 by email. A true and correct copy of adidas's Demand for Arbitration and proof of service ("**Proof of Service Arbitration**") is attached as Exhibit 11 to this declaration.

7. Despite being on notice since December 2, 2022, neither Ye nor his counsel appeared in connection with the arbitration until January 14, 2023.

8. Hon. Judge Rebecca Westerfield was appointed by agreement of the Parties as the arbitrator on February 1, 2023.

9. On February 13, 2023, adidas and Respondents stipulated that "Claimant filed its Demand for Arbitration on or about December 2, 2023." A true and correct copy of the stipulation ("**Stipulation**") is attached as Exhibit 12 to this declaration.

10. The Preliminary Conference was held on April 25, 2023. During the Conference, adidas indicated that it intended to request from the Arbitrator an order

requiring Respondents to preserve and make available to adidas all accounting books and records relevant to an accounting of the ████████. adidas did so by letter dated April 29, 2023. During the May 3, 2023 conference, the Arbitrator granted adidas's request, ordering Respondents to make available to adidas all accounting books and records relevant to an accounting of the ████████ no later than May 17, 2023.

11. On May 17, 2023, Respondents made an initial production of accounting books and records relevant to an accounting of the ████████. Those books and records are currently under review as part of the ongoing audit of the ████████.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, NY, on this 29th day of May 2023.

*/s/ William H. Taft V*

William H. Taft V
