# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF ADIDAS AG'S MOTION FOR LEAVE TO COMMENCE MISCELLANEOUS PROCEEDING UNDER SEAL | Misc. No: _____<br><br>**FILED UNDER SEAL** |

## PETITIONER'S MOTION TO FILE UNDER SEAL

Upon the accompanying Memorandum of Law, Plaintiff, adidas AG, (the "**Petitioner**" or "**adidas**") hereby moves this Court for an Order permitting adidas to file under seal the Petition, Memorandum of Law and Declaration of Keith McIntire (and the exhibits thereto) in support of adidas' forthcoming Petition for *Ex Parte* Order of Attachment, as these documents contain confidential information.

Dated: New York, NY
November 10, 2022

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

/s/ Mark P. Goodman
Mark P. Goodman

William H. Taft V
Floriane Lavaud
919 Third Avenue
New York, NY 10022
(212) 909-6000 (Main Office Number)
(212) 909-6836 (Fax)

*Counsel for Petitioner adidas AG*

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF ADIDAS AG'S MOTION FOR LEAVE TO COMMENCE MISCELLANEOUS PROCEEDING UNDER SEAL | Misc. No. _____<br><br>**FILED UNDER SEAL** |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
<u>MOTION TO FILE UNDER SEAL</u>**

Petitioner, adidas AG ("**adidas**" or the "**Petitioner**"), by and through its counsel, respectfully submits this Memorandum of Law in Support of its Motion to File under Seal. As set forth more fully in its forthcoming Petition for an *Ex Parte* Order of Attachment in aid of Arbitration (the "**Attachment Petition**"), and the accompanying Memorandum of Law in Support of its that petition (the "**Attachment Memorandum**"), Petitioner has commenced this action against the above-captioned Respondents Yeezy, LLC f/s/o Kanye Amare West aka Ye, and Yeezy Marketing, LLC (collectively "**Yeezy**") in order to attach up to $75 million of adidas' funds which Yeezy currently has in its possession in accounts managed by JPMorgan Chase N.A., in New York. adidas' claim for those funds will be resolved in an arbitration to commence within 30 days, and, for the reasons articulated in its Attachment Petition and Memorandum, adidas has reason to believe any future damages award in its favor may be rendered ineffectual if Yeezy's accounts at JPMorgan Chase N.A. are not attached.

Petitioner's claim to the funds to be attached arises from the contractual relationship between adidas and Yeezy, which requires that funds paid to Yeezy for specified marketing purposes (the "**Marketing Funds**") be returned to adidas upon the parties' Licensing and Endorsement Agreement of January 1, 2017 (as amended, the **"2017 Agreement"**). Disputes arising out of or related to the 2017 Agreement are to be settled by confidential arbitration administered by JAMS, and the Agreement itself contains a confidentiality provision. Accordingly, Petitioner seeks to file under seal its Petition for an *Ex Parte* Order of Attachment in Aid of Arbitration and accompanying Memorandum of Law, the Declaration of Keith McIntire and all supporting documents and exhibits, including the 2017 Agreement, the Payment Confirmation Letter of January 10, 2020 (the "**January 2020 Payment** Confirmation"), the Payment Confirmation Letter of August 15, 2020 (the "**August 2020 Payment Confirmation**"), and the November 5, 2022 Termination Letter (the "**Termination Letter**"). These documents shall collectively be referred to as the "Confidential Material".

# ARGUMENT

It is well established that the decision whether to seal court documents "is best left to the sound discretion of the trial court" and should be made "in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Although the public generally has a presumptive right to access court documents, this presumption can be rebutted by demonstrating that countervailing interests outweigh the public's right to access. *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995).

Here there are three rationales for sealing the Confidential Material. *First*, that material is to be submitted in support of a petition for an order of attachment without notice pursuant to CPLR § 6201. That attachment is necessary to preserve accounts which adidas can demonstrate contain adidas' Marketing Funds which Yeezy has no right to continue to possess, and that there is an imminent risk that Yeezy will, if given notice, relocate those funds in order to render ineffectual the anticipated arbitration between the parties. Accordingly, sealing the Confidential Material is necessary in order to effectuate the purpose of a CPLR § 6201 proceeding.

*Second*, the Confidential Material refers to agreements which contain robust confidentiality provisions. According to the terms of the 2017 Agreement, "publish[ing], disclos[ing], or releas[ing] any information . . . regarding [that Agreement] . . ." without adidas's express written consent, is prohibited. Declaration of William H. Taft V, Ex. 1 at § 35. Similarly, Ye and Yeezy are prohibited from "disclosing any term of the Agreement without adidas's consent." *Id.* § 45. These robust confidentiality provisions demonstrate the sensitive nature of the Confidential Material, and the Parties' mutual understanding of the "need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020).

*Third*, confidential business and commercial information is a recognized category of protectable material. *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (identifying "trade secret[s] or other confidential research, development, or commercial information" as things for which a trial court can require "not be revealed or be revealed only in a specified way"). Such information is routinely protected because disclosure "might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (*quoting Nixon*, 435 U.S.589, 598); *see Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts...."); *Skyline Steel, LLC*, 101 F. Supp. 3d 394. 412–13 (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer).

The Confidential Material includes not just sensitive pricing and product information, it also details adidas' strategy to promote its products through partnerships with influential public figures, and details the structure of such relationship. Such information, if made public, could be used by adidas' compeitors to their advantages, and to adidas' detriment.

Sealing the Confidential Material aligns with the nature of a request for an order of attachment without notice, is consistent with Parties' express written intent, and will safeguard adidas's valuable and confidential business information and trade secrets. adidas has an overriding interest in protecting this confidential information from public disclosure and will suffer substantial prejudice if the material is not sealed.

## CONCLUSION

For all these reasons, Petitioner respectfully requests that the Court (i) grant its motion to file under seal the Confidential Material; and (ii) grant such other relief as the Court deems just and proper. In the event that the Court now, or in the future, is inclined to lift this seal in whole or in part, adidas requests the opportunity to be heard and, if necessary, provide redacted copies of any documents to be made public.

Dated: New York, NY  
November 10, 2022

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

/s/ Mark P. Goodman
---
Mark P. Goodman  
William H. Taft V  
Floriane Lavaud  
919 Third Avenue  
New York, NY 10022  
(212) 909-6000 (Main Office Number)  
(212) 909-6836 (Fax)

*Counsel for Petitioner adidas AG*

# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF ADIDAS AG'S MOTION FOR LEAVE TO COMMENCE MISCELLANEOUS PROCEEDING UNDER SEAL | Misc. No. _____<br><br>**FILED UNDER SEAL** |

## DECLARATION OF WILLIAM H. TAFT V
## IN SUPPORT OF MOTION TO FILE UNDER SEAL

I, William H. Taft V, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, declare as follows:

1. I am an attorney licensed to practice law in the state of New York and am a partner at the law firm Debevoise & Plimpton LLP. I am counsel for Petitioner, adidas AG. I submit this declaration on personal knowledge and on examination of the adidas's books and records, and in support of adidas's motion to file under seal.

2. A true and correct copy of excerpts from the Licensing and Endorsement Agreement of January 1, 2017 between the adidas AG, Yeezy, LLC f/s/o Kanye Amare West aka Ye, and Yeezy Marketing, LLC, as amended, are attached as Exhibit 1 to this declaration.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, NY, on this 10 day of November 2022.

/s/ William Taft

William H. Taft V

## Licensing and Endorsement Agreement

In consideration of the mutual promises, covenants and agreements expressed herein and for other good and valuable consideration, the receipt and adequacy of which the parties acknowledge, the parties have agreed to this Licensing and Endorsement Agreement (this "**Agreement**") as follows:

**1. Parties**: adidas AG ("adidas") and Yeezy, LLC, a Delaware limited liability company ("**Lender**") f/s/o Kanye Omari West ("**Artist**").

**2. Prior Agreement**:





1



| | |
|---|---|
| **35. Publicity:** | Neither Lender, Artist nor adidas (or any member of the adidas Group) will issue, publish, disclose, or release any information (including without limitation any press release) regarding this Agreement (including but not limited to the terms hereof) or the expanded relationship herein without the express prior written consent of the other party. The parties shall mutually agree upon how and when to announce the parties entry into this Agreement. |
| **36. Notice:** | All notices or other communications provided for herein shall be given in writing by overnight delivery (e.g., Fed Ex or UPS) and shall be deemed given upon receipt, or refusal of receipt by Lender or Artist. Notice shall be made to Lender and Artist at the following |

47

|   |   |
|---|---|
|   | 29, 31, 32, 34(C)(ii), 34(E), 40, 41, 42, 44, 45, 46, 47 and Artist's guaranty shall survive termination or expiration of this Agreement. |
| **44. Section Captions:** | Section and other captions contained in this Agreement are for reference purposes only and are in no way intended to describe, interpret, define or limit the scope, extent, intent or meaning of this Agreement or any provision hereof. |
| **45. Confidentiality:** | The terms of this Agreement are confidential and neither party shall disclose any term hereof without the prior written consent of the other party, unless disclosure is required by law. Lender further agrees that Lender and Artist may receive confidential information owned by, or proprietary to, the adidas Group, including but not limited to information relating to adidas, adidas Products (including prototype products) and its marketing plans and strategies and neither Lender nor Artist shall disclose such confidential information to any third party. Notwithstanding the foregoing: (i) either party may disclose the terms hereof to such party's professional, financial and similar advisors provided such other persons or firms agree not to disclose in writing such information to any third party; and (ii) adidas shall have the right to disclose the terms of this Agreement to any of its Affiliates, partners, distributors, manufacturers or licensees. |
| **46. Dispute Resolution:** | (A) Except as expressly provided with respect to any Shares, this Agreement shall be governed by and construed in accordance with the laws of the State of Oregon, without giving effect to its principles of conflicts of laws. Solely with respect to any Shares, this Agreement shall be governed by and construed in accordance with the laws of Germany.<br><br>(B) The parties agree that any dispute arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, shall be submitted to a mutually agreed upon JAMS |

51

Signature below shall confirm the parties' agreement to the foregoing:

**adidas AG**

By: _____
Its: Arthur Hoeld

**Lender**

By: _____
Its: Authorized Signatory

**adidas AG**

By: _____
Its: Eric James Liedtke
Executive Board Member, Global Brands

_____
Roland Auschel
Member of the Executive Board
Global Sales

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5 19 16
Date

_____
Kanye West

53

# UNITED STATES DISTRICT COURT
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF ADIDAS AG'S MOTION FOR LEAVE TO COMMENCE MISCELLANEOUS PROCEEDING UNDER SEAL | Misc. 22 Civ. _____<br><br>**[PROPOSED] ORDER TO FILE UNDER SEAL**<br><br>**FILED UNDER SEAL** |

On this day, this Court having considered the motion by adidas AG ("**adidas**" or the "**Petitioner**") to file documents under seal, it is hereby **ORDERED** that adidas be permitted to file under seal a Petition for an *Ex Parte* Order of Attachment in Aid of Arbitration (the "**Petition**"), Memorandum of Law, and Declaration of Keith McIntire, (and exhibits thereto) in support of the Petition.

Dated: November 10, 2022

_____
United States District Judge

# MISCELLANEOUS CASE COVER SHEET

| **PLAINTIFFS** ABC | **DEFENDANTS** DEF and XYZ |
|---|---|
| **Attorney's** (Firm Name, Address, and Telephone Number)<br>Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, NY  10022<br>212-909-6877 | **Attorneys (If Known)** |
| **DESCRIPTION OF CASE**<br>In the Matter of the Application of ABC to Commence Case Under Seal | **Has this or a similar case been previously filed in SDNY ?**<br><br>No? ✔   Yes? ☐   Judge Previously Assigned _____<br><br>If yes, was this case: Vol. ☐   Invol. ☐   Dismissed. No ☐   Yes ☐<br><br>If yes, give date _____ & Case No. _____ |

**NATURE OF CASE**

- ☐ M 08-85 Motion to Compel
- ☐ M 08-85 Motion to Quash
- ☐ M 08-86 Internet Infringement
- ☐ M 08-88 Surety Companies
- ☐ M 08-425 Sureties Proceedings
- ☐ M 11-03 SEC Litigation to Freeze Account
- ☐ M 11-188 GJ Subpoenas - Unsealed
- ☐ M 11-189 GJ Subpoenas - Sealed
- ☐ M 16-88 Sale of Unclaimed Seamen's Effects
- ☐ M 18-66 Forfeiture Proceedings - Funds Held in trust. 28 USC 1746
- ☐ M 18-302 Registration of a Judgment from Another District
- ☐ M 18-304 Administrative Subpoena Proceedings
- ☐ M 18-305 Registration of Student Loan Judgment
- ☐ M 18-981 Nonjudicial Civil Forfeiture Proceeding
- ☐ M 19-25 Order Authorizing IRS Officer to Enter Premises for Levy
- ☐ M 19-58 General Bonds in Admiralty Purs. to Local Admiralty Rule 8
- ☐ M 19-63 Receivers - Property in Other Districts
- ☐ M 19-78 Denial to Sue In Forma Pauperis
- ☐ M 22-1 Designation by U.S. Attorney of Individual to accept service of summons and complaint
- ☐ M 22-2 Designation of individual to issue certified copies in bankruptcy part
- ☐ M 23 Petition to Perpetuate Testimony
- ☐ M 25-1 Order for Entry to Effect Levy - IRS Matter
- ☐ M 25-2 Permission to have access to safe deposit boxes
- ☐ M 26-1 Proceeding to Enforce Order of Administrator - National Credit Union

- ☐ M 26-2 Application to Enforce Administrative Order Rule 5A Rule of Division of Business among District Judges
- ☐ M 28 Warrant for Entry & Inspection of Premises
- ☐ M 29 Privacy Act Application
- ☐ M 30 Privacy Act Application
- ☐ M 31 Order of Commodity Exchange Commission Directing Person to Pay Money
- ☐ M 32 Petition for Writ to Produce Federal Prisoner in State Court
- ☐ M 33 Inspection Warrant - Department of Energy
- ☐ M 34 Order of Another District Court that the State Court Produce
- ☐ M 35 Order to Stay Transfer of Federal Prisoner
- ☐ M 36 National Labor Relations Board
- ☐ M 37 Application to Re-Open Civil Case(s) that are more than 25 years old
- ☐ M 38 Application for Reassignment of Bankruptcy Proceeding
- ☐ M 39 Application for Discovery and Inspection of Defendant Detained in Federal Prison
- ☐ M 41 Order of Return of 28:2254/2255 Petition
- ☐ M 42 Order Denying Stay of Deportation
- ☐ M 43 Contempt of Court in Bankruptcy
- ☐ M 44 Claim Compensation under Longshoremen & Harbor Workers Compensation Act
- ☐ M 46 Order From Another District for Public Viewing
- ☐ M 47 Bankruptcy Cases - Before Appeal Filed
- ☐ M 47**B** Transmission of Proposed Findings of Fact and Conclusions of Law
- ☐ M 48 Application for Appointment of Counsel - No Case In This Court
- ☐ M 49 Order Denying Commencement of Civil Action

Rev. 04/2019

## NATURE OF CASE CONTINUED

- [ ] M 51 Order to Show Cause - Case Being Transferred from Northern District of New York
- [ ] M 52 Application for Leave to File a Complaint
- [ ] M 53 Order Barring Individual from Entering Courthouse Building
- [ ] M 54 Immigration Naturalization - Order Delaying Deportation
- [ ] M 55 Petition for Appointment of Impartial Umpire – Labor Management Relations Act and Others
- [ ] M 58 Application for Extension of Time to File Petition for Removal
- [ ] M 59 Application to Produce Federal Prisoner in State Court
- [ ] M 67 Notice of Eviction to Squatters (USA Cases)

- [ ] M 71 Application re: Federal Rules Cr. 11(e)(2)
- [ ] M 72 Order of Attachment of Another District – EDNY
- [ ] M 73 Subpoena to Government Agency
- [ ] M 75 Application for Writ of Garnishment
- [ ] M 76 Central Violations Bureau
- [ ] M 77 Application to have subpoena issued to person living in this district regarding action in foreign country or tribunal
- [ ] M 90 Order of Attachment
- [ ] M 93 Letters Rogatory  _____
- [ ] M 94 Other  _____

- [x] M 98 Application to file a civil case under seal.

DO YOU CLAIM THIS CASE IS RELATED TO A MISCELLANEOUS CASE NOW PENDING IN THE SDNY? IF SO, STATE:

JUDGE _____ MISCELLANEOUS CASE NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

**DEFENDANT(S) ADDRESS UNKNOWN**

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**CHECK ONE:** AT LEAST ONE PARTY IS PRO SE    No ✔    Yes ☐

**CHECK ONE:** THIS ACTION SHOULD BE ASSIGNED TO    WHITE PLAINS ☐    MANHATTAN ✔

| DATE | SIGNATURE OF ATTORNEY OF RECORD | ADMITTED TO PRACTICE IN THIS DISTRICT |
|---|---|---|
| 11/10/2022 | William H. Taft V | ☐ U.S. GOVERNMENT ATTORNEY |
| | | ☐ NO |
| | | ✔ YES (DATE ADMITTED MO. 7 YR. 2005) |
| RECEIPT # | | ATTORNEY BAR CODE # 4337689 |

Ruby J. Krajick, Clerk of Court,

by _____    Dated _____

Rev. 04/2019