**UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ADIDAS AG FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION | Misc. No: 22-mc-317<br><br>**ORDER GRANTING**<br>***EX PARTE* ATTACHMENT**<br><br>**FILED UNDER SEAL** |

WHEREAS, adidas AG ("**Petitioner**") has filed under seal a Petition for an *Ex Parte* Order of Attachment in Aid of Arbitration (the "**Petition**") against Yeezy, LLC and Yeezy Marketing LLC (together with their affiliates, "**Yeezy**"), to attach all monies, accounts, property and/or interest in property of Yeezy, up to the amount of $75,000,000, as are on deposit with or held by J.P. Morgan Chase Bank N.A. (the "**Garnishee**");

WHEREAS, over the past twelve months Petitioner has deposited $75,000,000 into Yeezy Marketing LLC accounts ("**Marketing Funds**");

WHEREAS, per the parties' agreement, and subject to other limitations, ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

WHEREAS, the parties' agreement further expressly prohibited any use of the Marketing Funds by or transfer of the Marketing Funds to Ye – the artist formerly known as Kanye West, who owns or substantially owns Yeezy – or to Yeezy;

WHEREAS, upon termination of the agreement, any unspent Marketing Funds are to be returned to Petitioner;

WHEREAS, Petitioner terminated its agreement with Yeezy effective November 5, 2022;

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for an *ex parte* attachment because the Court is satisfied that there is a risk that Yeezy will remove or dissipate assets if notice of this request for attachment is given to Yeezy;

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for an *ex parte* attachment under New York Civil Practice Law and Rule ("**CPLR**") §§ 6201 and 6212 because Petitioner has claims against Yeezy that are subject to arbitration, including for the return of unspent or improperly spent Marketing Funds; that it is probable Petitioner will succeed on the merits with respect to its claim to return of the Marketing Funds; that Yeezy, LLC, a Delaware limited liability company, and its affiliates Yeezy Marketing, LLC and Yeezy Footwear, LLC, Wyoming limited liability companies, are foreign corporations not qualified to do business in the state, who are in turn wholly or substantially owned by Ye, a nondomiciliary residing without the state; and that Petitioner's claims against Yeezy in the arbitration will exceed the value of any potential counterclaims known to Petitioner;

WHEREAS, Petitioner has demonstrated that it has satisfied the grounds for an *ex parte* attachment in aid of arbitration under CPLR § 7502 because, without provisional relief, the award to which Petitioner may be entitled may be rendered ineffectual;

WHEREAS, Petitioner has also demonstrated sufficient grounds for this Court to exercise its equitable authority, independent of its authority under CPLR § 7502, to effectuate an *ex parte* attachment over specific funds in which Petitioner holds an interest;

**NOW THEREFORE,** upon the *ex parte* motion of Petitioner through its attorneys Debevoise & Plimpton LLP,

**IT IS HEREBY ORDERED** that Petitioner's motion for an *ex parte* Order of Attachment is GRANTED and this Order of Attachment shall be effective immediately and shall remain so unless otherwise amended or vacated by this Court.

**IT IS FURTHER ORDERED** that the amount to be secured by this Order of Attachment is $75,000,000.

**AND IT IS FURTHER ORDERED** that all accounts maintained by the Garnishee on behalf of Yeezy or any Yeezy affiliate, including but not limited to the account of Yeezy Marketing LLC bearing account number ▇▇▇▇▇▇ and the account of Yeezy Footwear LLC bearing account number ▇▇▇▇▇▇ be attached up to the $75,000,000 limit described above.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 64 of the Federal Rules of Civil Procedure, and Articles 62 and 75 of the CPLR, the U.S. Marshal for the Southern District of New York or any person appointed to act in his place and stead shall, pursuant to CPLR § 6214, levy without taking possession within this Court's jurisdiction upon such monies, accounts, property and/or interest in property of Yeezy as will satisfy the above-mentioned sum of $75,000,000, as are on deposit with or held by the Garnishee (the "**Levied Property**").

**AND IT IS FURTHER ORDERED** that the following persons shall act in the place and stead of the U.S. Marshal for the purpose of serving this Order of Attachment and effecting any levy ordered hereby: Tony Conigliaro, Apple Attorney Service, 2417 Jericho Turnpike, Garden City Park, New York 11040.

**AND IT IS FURTHER ORDERED** that pursuant to CPLR § 6214, any levy perfected by service of this Order of Attachment shall be extended and any levy by Petitioner on the

Levied Property shall remain valid until 30 days after the date of the resolution by this Court (or the agreement of the parties) of any motion to confirm and/or motion to vacate this Order of Attachment or any levy served pursuant to this Order of Attachment.

**AND IT IS FURTHER ORDERED** that in order to avoid the need to make repeated service of this Order to maintain the effectiveness of this levy on the Garnishee, the statutory 90-day period under CPLR § 6214(e) shall be extended and any levy by Petitioner on the Levied Property shall remain valid until 30 days after the date of the resolution by this Court (or the agreement of the parties) of any motion to confirm and/or motion to vacate this Order of Attachment or any levy served pursuant to this Order of Attachment.

**AND IT IS FURTHER ORDERED** that, within ten days of being served a copy of this Order of Attachment, the Garnishee shall serve the statement required by CPLR § 6219 upon Petitioner's counsel, Debevoise & Plimpton LLP, by delivery to Mark P. Goodman at mpgoodman@debevoise.com and William H. Taft V at whtaft@debevoise.com.

**AND IT IS FURTHER ORDERED** that Petitioner shall post a bond in the amount of $75,000 as security by **Tuesday, November 15, 2022, at 5:00 P.M.**

**AND IT IS FURTHER ORDERED** that service of this order, the order to seal, and all supporting documents, be served upon Respondents within ten days of the date of this Order of Attachment.

SO ORDERED.

Dated: New York, New York
      November 11, 2022

_____
Hon. Valerie E. Caproni
United States District Judge