**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF ADIDAS AG FOR AN ORDER OF ATTACHMENT IN AID OF ARBITRATION | No: 22-mc-320 (VEC)<br><br>**FILED UNDER SEAL** |

**MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE
IN SUPPORT OF MAINTAINING SEAL**

Petitioner, adidas AG ("**adidas**" or the "**Petitioner**"), by and through its counsel, respectfully submits this Memorandum of Law in Response to Order to Show Cause in Support of Maintaining Seal.  As set forth more fully in its Memorandum of Law in Opposition to Respondents' Motion to Vacate Order Granting *Ex Parte* Attachment, Petitioner commenced this action against the above-captioned Respondents Yeezy, LLC f/s/o Kanye Amare West a/k/a/ Ye, and Yeezy Marketing, LLC (collectively, "**Yeezy**") by petitioning the Court on November 11, 2022 for an *ex parte* order of attachment in aid of arbitration of up to $75 million of adidas's funds that Yeezy currently has in its possession in accounts managed by JPMorgan Chase N.A., in New York (the "**Petition**").  This Court granted Petitioner leave to file under seal and granted the attachment of those funds on November 11, 2022.

Petitioner's claim to the attached funds arises from the contractual relationship between adidas and Yeezy, which requires that funds paid to Yeezy for specified marketing purposes (the "**Marketing Funds**") be returned to adidas pursuant to the Parties' Licensing and Endorsement Agreement of January 1, 2017 (as amended, the "**Agreement**").  Disputes arising out of or related to the Agreement are to be settled by confidential arbitration administered by JAMS, and the Agreement itself contains a confidentiality provision.  Pursuant to the Agreement, on December 2, 2022, Petitioner filed its Demand for Arbitration ("**Demand**"), and, on December 15, 2022, JAMS confirmed that the arbitration was commenced.  The Honorable Judge Rebecca Westerfield was appointed on February 1, 2023 by mutual agreement of the Parties, and the Preliminary Conference was held on April 25, 2023.

Petitioner seeks to maintain the seal of the Petition, accompanying Memorandum of Law, and Declaration of Keith McIntire and all supporting documents and exhibits; Respondents' Motion to Vacate Order Granting *Ex Parte* Attachment and all supporting documents and exhibits; Petitioner's Memorandum of Law in Opposition to Respondents' Motion to Vacate Order Granting *Ex Parte* Attachment, and Second Declarations of Keith McIntire and William H. Taft V and all supporting documents and exhibits; and any further submissions and orders of

2

the Court related thereto (collectively, "**Confidential Material**").  Counsel for Yeezy has

confirmed to the undersigned that, in their view, these proceedings should remain under seal.

## ARGUMENT

The decision whether to seal court documents "is best left to the sound discretion of the

trial court" and should be made "in light of the relevant facts and circumstances of the particular

case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).  Although the public has a

presumptive right to access court documents, this presumption can be rebutted if countervailing

interests outweigh the public's right to access.  *United States v. Amodeo*, 71 F.3d 1044 (2d Cir.

1995); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (applying the

*Amodeo* test).

Three key reasons support maintaining the seal of the Confidential Material.  *First*, the

Confidential Material contains or refers to commercially sensitive agreements that contain robust

confidentiality provisions.  According to the terms of the Agreement, "publish[ing], disclos[ing],

or releas[ing] any information . . . regarding [that Agreement]" without adidas's express written

consent is prohibited.  Declaration of Keith McIntire ("**McIntire Decl.**"), ¶ 3, Ex. 1 at § 35.

Similarly, Ye and Yeezy are prohibited from "disclosing any term of the Agreement without

adidas's consent."  *Id.* at § 45.  These robust confidentiality provisions demonstrate the sensitive

nature of the Confidential Material, and the Parties' mutual understanding of the "need to protect

the confidentiality of such sensitive business information may be a legitimate basis to rebut the

public's presumption of access to judicial documents."  *Hanks v. Voya Ret. Ins. & Annuity Co.*,

No. 16-cv-6399 (PKC), 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020).

*Second*, confidential business and commercial information is a recognized category of

protectable material.  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (identifying "trade secret[s] or other

confidential research, development, or commercial information" as things for which a trial court

can require "not be revealed or be revealed only in a specified way").  Such information is

routinely protected because disclosure "might harm a litigant's competitive standing."  *In re*

*Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (*quoting Nixon*, 435 U.S. 589, 598); *see Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . ."); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information," as well as information "revealing confidential negotiations" with a customer); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50) (S.D.N.Y. 2011) (sealing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). The Confidential Material includes not just sensitive product information, it also details adidas's strategy to promote its products through marketing deals with influential public figures, and details the financial structure of such relationships. Such information, if made public, would be used by adidas's competitors to their advantage, and to adidas's detriment, in seeking to negotiate similar marketing deals, including, potentially, with individuals currently under contract with adidas.

*Third*, according to the terms of the Agreement, the Parties "agree that any dispute arising out of or relating to this Agreement . . . shall be submitted to a mutually agreed upon JAMS mediator for non-binding *confidential* mediation" and if that fails, the dispute "shall be determined by arbitration" pursuant to the JAMS Comprehensive Arbitration Rules and Procedures, and its Expedited Procedures. McIntire Decl., ¶ 3, Ex. 1 at § 46(B) (emphasis added); *id.* at August 15, 2020 Payment Confirmation ¶ 2(j). Rule 26(a) of JAMS Comprehensive Rules provides that "JAMS and the Arbitrator shall maintain the confidential nature of the Arbitration proceeding." JAMS Rule 26(a). adidas filed its Demand on December 2, 2022 and the Preliminary Conference was held on April 25, 2023, and another procedural conference was held on May 2, 2023. The ongoing arbitration between the Parties is not a matter of public record; it is confidential even within adidas, with only a limited number of employees having knowledge of the dispute. Due to the highly confidential nature of the arbitration between the Parties, redaction of the Confidential Material is not a "viable" remedy; rather, it is "an all or nothing matter." *Amodeo*, 71 F.3d at 1053. The Confidential Material

references issues pertinent to the arbitration, including the facts of the ongoing arbitral

proceedings, the claims before the arbitrator, and the requested relief.  Consequently, anything

short of maintaining the full seal would jeopardize the confidential nature of the ongoing

arbitration proceedings.

Maintaining the seal on the Confidential Material is consistent with Parties' express

written intent, will safeguard adidas's valuable and confidential business information and trade

secrets, and will preserve the confidentiality of the ongoing arbitration proceedings.  adidas

continues to have an overriding interest in protecting the Confidential Material from public

disclosure and will suffer substantial prejudice if the seal is lifted.

Application DENIED.

The Court finds that the materials filed in support of the petition for an *ex parte* order of attachment and in relation to Respondents' motion to vacate the attachment are judicial documents because they directly bear on the Court's duty to determine the appropriateness of the attachment of Respondents' assets; accordingly, there is a presumption of public access to these filings.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).   The parties' asserted confidentiality interests in the ongoing arbitration proceedings and the attachment do not outweigh this presumption.  Notably, the attachment itself is no longer confidential as Ye discussed adidas's decision to "freeze" his accounts in a public interview, and accordingly, no confidentiality interest exists as to the existence of the attachment order.  *See* Pets. Opp. at 10.  The Court further finds that any trade secrets or sensitive business information may adequately be protected through redaction.

No later than **May 12, 2023**, the parties must jointly propose any redactions to all filings and orders in this matter, including this endorsed order, in accordance with Rule 5 of the Undersigned's Individual Practices.  The Court notes that it does not believe that the existence of the arbitration proceedings or the attachment order are appropriate for redaction and warns the parties that it will not be receptive to blanket redactions.  This order will be temporarily maintained under seal to enable the parties to review it for confidential information.

SO ORDERED.

05/09/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

## CONCLUSION

For all these reasons, Petitioner respectfully requests that the Court (i) grant its order to show cause to maintain the seal and (ii) grant such other relief as the Court deems just and proper. In the event that the Court, now or in the future, is inclined to lift this seal in whole or in part, adidas requests the opportunity to be heard and, if necessary, provide redacted copies of any documents to be made public.

Respectfully submitted,

Dated: May 9, 2023
      New York, NY

DEBEVOISE & PLIMPTON LLP

Mark P. Goodman
mpgoodman@debevoise.com
William H. Taft V
whtaft@debevoise.com
Floriane Lavaud
flavaud@debevoise.com

66 Hudson Blvd. E
New York, NY 10001
(212) 909-6000 (Main Office Number)
(212) 909-6836 (Fax)

*Counsel for Petitioner adidas AG*

## CERTIFICATE OF SERVICE

I, William H. Taft V, a partner of the firm Debevoise & Plimpton LLP, attorneys for

Petitioner herein, certify:

I am over eighteen (18) years of age.  On the 9th day of May 2023, I caused true copies of

the within Memorandum of Law in Response to Order to Show Cause in Support of Maintaining

the Seal and the Draft Order to Maintain the Seal by first class mail to counsel for the other

Parties to this action at the following addresses:

> Peter D. Hawkes
> ANGELI LAW GROUP LLC
> 121 SW Morrison Street, Suite 400
> Portland, OR 97204

Pursuant to 28 U.S.C. § 1746, I certify under the penalty of perjury that the foregoing is

true and correct.

Executed on May 9, 2023.

_____
William H. Taft V